**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JULIAN ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>    Defendant. | Civil Action No.: 3:25-cv-30176<br><br>Judge: |

### DECLARATION OF SEAN SIMERLY IN SUPPORT OF BENCHLING'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO PARTIALLY DISMISS

I, Sean Simerly, hereby declare as follows:

  1.  I am Revenue Operations Manager for Benchling, Inc. ("Benchling").

  2.  I have held this role for approximately eight months and have been employed by Benchling since September 9, 2019.

  3.  In my current role, I am responsible for assisting sales leadership and optimizing sales processes. I also am familiar with Benchling's corporate structure and its national commercial and sales presence.

  4.  Benchling is a Delaware corporation and maintains its principal place of business and corporate headquarters in San Francisco, California. Benching does business throughout the United States.

  5.  Before assuming my current role, I served as Benchling's Head of Sales Development, wherein I supervised the Sales Development Department, including Plaintiff Julian Ross ("Plaintiff"). Plaintiff worked as a Sales Development Representative ("SDR") from June 21, 2021 to September 15, 2022.

6.  Via my Head of Sales Development role, I am familiar with Plaintiff's performance as a SDR as well as the onboarding documents Plaintiff executed in connection with his Benchling employment, including but not limited to the Arbitration Agreement he entered into with Benchling on May 12, 2021 (the "Arbitration Agreement," or the "Agreement"), attached hereto as **Exhibit A**.

7.  By signing the Arbitration Agreement, both parties "agree[d] to submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to [Plaintiff's] employment with [Benchling]." (*Id.*). The Agreement requires arbitration of "Arbitrable Claims," defined as:

> All claims . . . arising out of, related to, or connected with [Plaintiff's] employment with [Benchling], including, but by no means limited to, claims of discrimination, harassment, unpaid wages, breach of contract (express or implied), wrongful termination, torts, claims for stock or stock options, as well as claims based upon any federal, state or local ordinance, statute, regulation or constitutional provision, including but not limited to, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, . . . and any and all state or local laws prohibiting discrimination or regulating any terms or conditions of employment.

(Ex. A at ¶ 1). Plaintiff and Benchling "agree[d] that arbitration shall be the exclusive method by which to resolve any Arbitrable Claims, and specifically agree[d] that they would not file a court lawsuit to pursue any Arbitrable Claims." (*Id.*) As such, the parties agreed to "WAIVE ANY RIGHTS THEY MAY HAVE TO TRIAL BY JURY IN REGARD TO ARBITRABLE CLAIMS." (*Id.*) (emphasis in original). The parties further "agree[d] that a neutral arbitrator from JAMS will administer any such arbitration(s) pursuant to its Employment Arbitration Rules and Procedures." (*Id.* at ¶ 2). By executing the Arbitration Agreement, Plaintiff and Benchling acknowledged they "read and underst[oo]d this Agreement and enter[ed] into it freely and voluntarily." (*Id.* at ¶ 7).

-3-

8.      In consideration for executing the Arbitration Agreement, Plaintiff received Benchling's reciprocal promise to arbitrate and employment with Benchling. (*See* Ex. A).

9.      I am familiar with this civil action, captioned *Julian Ross v. Benchling, Inc.*, Civil Action No. 3:25-cv-30176, originally filed on September 2, 2025 in the Commonwealth of Massachusetts, Hampshire County, and which Benchling removed to the District of Massachusetts on October 9, 2025. (ECF No. 1) ("the State Court Action").

10.     Additionally, I am familiar with Plaintiff's separate but related civil action, captioned *Julian Ross v. Benchling, Inc.*, Civil Action No. 3:25-cv-30158-KAR, originally filed on September 2, 2025 in the District of Massachusetts ("the Federal Court Action"), attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct to the best of my knowledge and belief.

Executed in San Francisco, California on October 13, 2025.



Sean Simerly