UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-cv-30176-MGM

| | |
|---|---|
| JULIAN ROSS,  Plaintiff | ) ) ) |
| v. | ) ) |
| BENCHLING, INC.  Defendant | ) ) ) ) |

**PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW**

**Introduction**

1. Plaintiff Julian Ross respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Massachusetts Superior Court in Hampshire County, from which it was removed. Defendant Benchling, Inc. filed its Notice of Removal on October 9, 2025, invoking diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Plaintiff's Superior Court Complaint, however, pleads exclusively Massachusetts statutory and common-law causes of action and expressly declines to assert any federal claim. The Complaint invokes the Commonwealth's central employment and privacy statutes—including M.G.L. c. 151B, c. 175M, c. 272 § 99, and c. 214 § 1B—which embody core state public-policy interests in regulating workplace rights and safeguarding personal privacy.

2. Plaintiff first sought relief through the Massachusetts Commission Against Discrimination ("MCAD") on June 30, 2023. After more than two years of agency inaction amid a well-documented backlog, Plaintiff exercised his statutory right under M.G.L. c. 151B § 9 to withdraw and pursue his claims in Superior Court. The administrative dismissal was thus a procedural prerequisite to judicial review, not a waiver of rights, and constitutes constructive

exhaustion under Massachusetts precedent. See *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815 (1988); *Charland v. Muzi Motors, Inc.*, 417 Mass. 580 (1994).

3. Because no federal question appears on the face of the well-pleaded Complaint, because the MCAD failed to act within a reasonable time, and because the Commonwealth's law, policy, and remedial framework overwhelmingly predominate, this Court lacks subject-matter jurisdiction and should remand the case to the forum where it originated. Moreover, principles of comity and federal abstention warrant remand to state court, as federal intervention would improperly intrude upon Massachusetts's comprehensive procedures for administering its employment and privacy laws.

## Background

4. Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on June 30, 2023. A true and correct copy of the MCAD charge is attached as **Exhibit A**.

5. Plaintiff filed his Complaint in Hampshire County Superior Court on September 2, 2025. A copy of the Superior Court Complaint is attached as **Exhibit B**.

6. Defendant was served on September 23, 2025.

7. Defendant removed the case to this Court on October 9, 2025. The Notice of Removal is attached as **Exhibit C**.

8. The Superior Court Complaint alleges strictly Massachusetts state-law causes of action:

    a. Disability discrimination and retaliation under M.G.L. c. 151B;

    b. Retaliation under the Massachusetts Paid Family and Medical Leave Act (M.G.L. c. 175M § 9);

    c. Wrongful termination in violation of public policy;

    d.   Promissory estoppel;

    e.   Unlawful interception of communications (M.G.L. c. 272 § 99);

    f.   Invasion of privacy (M.G.L. c. 214 § 1B);

    g.   Intentional infliction of emotional distress.

9.    Paragraphs 101–103 of the Complaint explicitly reserve potential federal rights but do not assert any federal claim.

10.    These facts are further verified in the Declaration of Julian Ross, filed concurrently as **Exhibit F**, which sets forth the timeline of Plaintiff's MCAD filing, the agency's prolonged inaction, and the purely Massachusetts nature of the claims.

## Jurisdiction

11.    Removal was improper under 28 U.S.C. § 1441(a) because Plaintiff's well-pleaded complaint asserts only Massachusetts statutory and common-law claims; no federal question appears on its face. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To the extent Defendant contends diversity jurisdiction exists, Plaintiff respectfully submits that the Commonwealth's overwhelmingly predominant interests, remedial scheme, and ongoing state administrative context (MCAD) present compelling equitable grounds for remand. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), recognizing district courts' discretion to remit state-law controversies to state court in the interests of comity and fairness). At minimum, any doubts must be resolved in favor of remand. *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997).

## Legal Standard

12.    Under 28 U.S.C. § 1447(c), a removed case must be remanded if "at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." The removing party

bears the burden of establishing that jurisdiction exists. See *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997).

## Argument

### I. No federal question appears on the face of the Complaint

13. Federal jurisdiction must be determined from the well-pleaded complaint, not from speculative defenses or reserved issues. (*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiff's pleading invokes only Massachusetts statutes and common law.

14. Because federal questions do not appear on its face, removal under § 1441(a) is improper.

### II. Massachusetts law and interests predominate

15. All relevant conduct occurred in Massachusetts and Plaintiff never left the Commonwealth for any employment-related reasons while employed with Benchling.

16. The claims invoke the Commonwealth's central employment-rights statutes (Ch. 151B and Ch. 175M) which reflect strong public policy in Massachusetts favoring state enforcement. Federal adjudication would disrupt that statutory scheme, ignore legislative intent within the Commonwealth and undermine comity. (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

17. In further support of the Commonwealth's predominant interest in adjudicating these matters, Plaintiff previously referred Benchling's undisclosed electronic surveillance practices to the Massachusetts Attorney General's Office by letter dated October 6, 2025. (**Exhibit G**). That referral highlights the significant public-policy and consumer-protection implications of the Massachusetts wiretap and privacy statutes invoked in this action (M.G.L. c. 272 § 99; M.G.L. c. 214 § 1B), which are designed to safeguard the privacy of Massachusetts residents and employees. The Attorney General is empowered to investigate such violations, underscoring that

these claims are matters of state regulatory concern properly before the Commonwealth's courts.

18. Plaintiff's Complaint asserts exclusively Massachusetts statutory and common-law causes of action, including discrimination and retaliation under M.G.L. c. 151B, protected-leave interference under M.G.L. c. 175M, and violations of the Commonwealth's all-party-consent and privacy statutes, M.G.L. c. 272 § 99 and c. 214 § 1B. These privacy provisions embody core Massachusetts public policy interests in safeguarding individual dignity and regulating employer surveillance within the Commonwealth. See *Commonwealth v. Hyde*, 434 Mass. 594 (2001).

19. The unlawful recording and monitoring practices alleged in the Complaint were part of the same factual sequence and pattern that gave rise to Plaintiff's disability-discrimination and retaliation claims. However, they remain manifestations of state law, and no federal cause of action appears on the face of the pleading.

20. Because Massachusetts law and policy predominate, and the claims derive entirely from state statutory and common-law protections, this action belongs in the Massachusetts Superior Court.

### III. Equitable considerations favor remand

21. Massachusetts courts have primary responsibility and interest for interpreting and enforcing the Commonwealth's anti-discrimination and leave statutes.

22. Maintaining the case in state court preserves Plaintiff's right to a local jury and ensures consistent application of state public-policy protections and legislative intent spanning all applicable statutes pleaded in Plaintiff's Complaint.

### IV. The MCAD's extraordinary delay reinforces that Massachusetts courts must retain jurisdiction

23. Plaintiff timely filed a discrimination charge with the Massachusetts Commission Against

Discrimination (MCAD) on June 30, 2023, more than two years ago.

24. The MCAD's own 'FY2024' Annual Report confirms that the agency continues to face an unprecedented backlog of discrimination complaints awaiting investigation, growing from approximately 800 cases in 2020 to more than 1,800 in 2024. (**Exhibit D**)

25. The MCAD's well documented growing backlog of cases and prolonged investigative inaction frustrated the statutory purpose of M.G.L. c. 151B § 9, which guarantees a judicial forum if the agency fails to act within a reasonable time.

26. Despite timely filing, the MCAD failed to investigate the claims and issue a probable cause determination before the 3-year statutes of limitation were set to expire.

27. Upon request of withdrawal, the MCAD issued a dismissal without any substantive investigation or findings. (**Exhibit E**)

28. Massachusetts precedent recognizes that such delay constitutes constructive exhaustion, entitling the complainant to proceed in Superior Court. (*Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815 (1988); *Charland v. Muzi Motors*, 417 Mass. 580 (1994); *Everett v. The 357 Corp.*, 453 Mass. 585 (2009)).

29. Because the MCAD is a statutory construction of the Commonwealth and the MCAD's failure to act in a timely manner is a uniquely state administrative matter, the Commonwealth's courts are the proper forum to determine exhaustion, tolling, and remedy under its own statutes. Removal to federal court strips Plaintiff of the state-court review expressly guaranteed when the MCAD fails to act, compounding the prejudice caused by the agency's protracted delay. The equitable remedy for that failure lies in the Massachusetts judiciary, not in federal court or private arbitration.

### V. Abstention Principles Warrant Remand under *Burford*

30.     Federal abstention doctrines provide an additional, independent basis for remand even if diversity jurisdiction technically exists. The Supreme Court has long recognized that where a federal court's exercise of jurisdiction would intrude upon a complex, coherent state administrative system or disrupt a state's unified policy scheme, abstention is appropriate. See *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989).

31.     The MCAD administers the Commonwealth's comprehensive anti-discrimination regime under M.G.L. c. 151B. The agency's mandate integrates investigatory, conciliatory, and adjudicatory functions to enforce a unified public policy of eliminating employment discrimination. Federal intervention in this case—arising directly from MCAD-filed claims and the agency's prolonged administrative inaction—would risk fragmenting that policy, producing inconsistent outcomes, and undermining Massachusetts's ability to administer its own civil-rights framework.

32.     Although the MCAD's investigation failed to yield a timely determination, its statutory process remains the Commonwealth's specialized mechanism for enforcing employment and privacy protections. The state's administrative and judicial enforcement system forms an integrated whole, designed to ensure uniform application of Massachusetts's anti-discrimination law. See *Burford*, 319 U.S. at 332 (federal courts should abstain when their intervention would "interfere with the state's efforts to establish a coherent policy").

33.     Because Plaintiff's claims arise from and implicate the same factual nucleus as his pending administrative complaint, federal adjudication would necessarily intrude upon the state's primary regulatory forum. Abstention therefore serves the interests of comity, federalism, and fairness by allowing Massachusetts courts—working in tandem with the MCAD and the

Attorney General—to resolve these matters within the Commonwealth's own legal architecture.

34. Accordingly, this Court should abstain under *Burford* and remand this action in deference to Massachusetts's ongoing enforcement scheme and administrative expertise.

## VI. Comity and Federal-State Balance Require Remand

35. Even if some peripheral federal questions were alleged, this Court should decline jurisdiction under the doctrine of comity.

36. The Commonwealth maintains a comprehensive administrative and judicial process for employment and privacy disputes.

37. No uniquely federal interest is implicated, and comity, convenience, and fairness all broadly favor remand.

## Conclusion

38. For the foregoing reasons, Plaintiff respectfully requests that this Court remand this action to the Hampshire County Superior Court in Massachusetts pursuant to 28 U.S.C. § 1447(c).

## Exhibits Attached:

A. MCAD Complaint

B. Hampshire County Superior Court Complaint

C. Defendant's Notice of Removal

D. MCAD FY24 Annual Report (excerpt)

E. MCAD Notice of Dismissal

F. Declaration of Julian Ross (Plaintiff)

G. Plaintiff's Referral Notice to Massachusetts Attorney General Andrea Joy Campbell for M.G.L. c. 272, § 99 and M.G.L. c. 214, § 1B violations

## **Local Rule 7.1(a)(2) Certification**

Pursuant to Local Rule 7.1(a)(2), the Plaintiff certifies that he conferred, or made reasonable and good-faith efforts to confer, with counsel for the Defendant via a telephone call on October 21, 2025 in an effort to resolve or narrow the issues raised by this motion. Defendant indicated plans to oppose the motion.

Dated: October 22, 2025

                                                                    PLAINTIFF, PRO SE

                                                   /s/ Julian Ross

                                                   Julian Ross
                                                   105 East Street
                                                   Apt. B
                                                   Hadley, MA 01035
                                                   (413) 531-9810
                                                   jross21@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.

        Respectfully Submitted,

        PLAINTIFF, PRO SE

        */s/ Julian Ross*

        Julian Ross
        105 East Street
        Apt. B
        Hadley, MA 01035
        (413) 531-9810
        jross21@gmail.com
        Pro Se Plaintiff