UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>3:25-cv-30176</u>

|  |  |
|---|---|
| JULIAN ROSS, *Plaintiff* <br> v. <br> BENCHLING, INC. *Defendant* | ) ) ) ) ) ) ) ) ) |

**DECLARATION OF JULIAN ROSS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

1. I am the Plaintiff in this action. I submit this declaration in support of my Motion to Remand this case to the Massachusetts Superior Court in Hampshire County. The statements below are based on my personal knowledge.

2. On or about June 30, 2023, I filed a 'Charge of Discrimination' with the Massachusetts Commission Against Discrimination ("MCAD") against my former employer, Benchling, Inc. The charge alleged disability discrimination, retaliation, and related violations of M.G.L. c. 151B and c. 175M.

3. After filing, the MCAD acknowledged receipt of my complaint by email and assigned an investigator to the matter. A copy of the intake email and acknowledgment from the MCAD are attached to my motion as **Exhibit A**.

4. From the date of filing to the date of dismissal, the MCAD failed to issue any probable-cause determination, dismissal, or right-to-sue notice. My case was reassigned to a different investigator during this period and remained without any meaningful progress.

5. The MCAD's delay of more than two years has prevented any administrative resolution

and has brought my claims near the end of the statutory limitation period under M.G.L. c. 151B § 9.

6. Throughout this period, I repeatedly checked the status of my filing and was informed that investigative action into my case was delayed because of agency backlog and personnel constraints.

7. On September 2, 2025, after more than two years of agency inaction, I filed my civil complaint in Hampshire County Superior Court to preserve my rights under Massachusetts law. The complaint asserts only Commonwealth statutory and common-law causes of action. I did not assert any federal cause of action. (**Exhibit B**)

8. All events giving rise to my claims occurred in Massachusetts while I was employed there by Benchling. I worked remotely from my home in Massachusetts and never relocated or worked outside the Commonwealth. I never left the Commonwealth for any employment purposes during my employment with Benchling.

9. My intention in filing in Superior Court was to seek judicial review under Massachusetts law, as authorized by M.G.L. c. 151B § 9 when the MCAD fails to act within a reasonable time.

10. Attached to my motion are true and correct copies of the following documents:

    a. MCAD Complaint and Assignment filed on June 30, 2023 (**Exhibit A**)

    b. Hampshire County Superior Court Complaint (2580CV00126) filed on September 2, 2025 (**Exhibit B**)

    c. Defendant's Notice of Removal filed on October 9, 2025 (**Exhibit C**)

    d. the relevant page of the MCAD's FY 2024 Annual Report showing the agency's backlog (**Exhibit D**);

    e. the MCAD's dismissal notice (**Exhibit E**);

    f.   Declaration of Plaintiff Julian Ross (**Exhibit F**) (this document); and

    g.   Plaintiff's October 6, 2025 Letter to the Massachusetts Attorney General regarding Benchling's unlawful call-recording and surveillance practices (**Exhibit G**).

11.    I make this declaration to verify these facts in support of my Motion to Remand and to demonstrate that my claims are governed entirely by Massachusetts law and that the MCAD's administrative delay constitutes constructive exhaustion under M.G.L. c. 151B § 9.

Respectfully Submitted,

/s/ Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff