Julian Ross
105 East Street, Apt. B
Hadley, MA 01035
jross21@gmail.com
413.531.9810

October 6, 2025

Via certified mail to:

Attorney General Andrea Joy Campbell
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

**Benchling, Inc. – Unlawful Call Recording and Electronic Surveillance**

Dear Attorney General Campbell,

I am a former employee of <u>Benchling, Inc.</u>, a biotechnology software company employing approximately one thousand people, headquartered in San Francisco and registered to do business in Massachusetts, with offices at 100 Summer Street in Boston.

During my employment at Benchling, the company routinely engaged in unlawful electronic surveillance practices—specifically, the undisclosed interception and recording of telephone communications. I am referring these practices to your office because they appear to violate Massachusetts law and create material and serious risks to employees, clients, and prospective clients who were unknowingly subjected to these calls.

While employed as a Sales Development Representative ("SDR") between 2021 and 2022 in Boston, Benchling's default configuration of the "SalesLoft" platform systematically intercepted, recorded, and stored calls with Massachusetts clients and other parties. Neither I nor the call recipients were informed of this practice or asked for consent. To my knowledge, these recordings were directed and overseen, in part, by Benchling's Director of Sales Development, Sean Simerly, based in the San Francisco office. To my knowledge, I was never trained regarding these practices and never provided consent.

Benchling's conduct appears to violate:

- **M.G.L. c. 272, § 99**, which requires the consent of all parties to record wire or oral communications; and

- **M.G.L. c. 214, § 1B**, which protects individuals against unreasonable or substantial invasions of privacy.

Benchling presumably used the recordings for performance monitoring and to compile customer data for sales and marketing purposes. The recording and storage practices were not disclosed, and it remains unclear how long Benchling stores or intends to retain the audio files. These practices not only harmed me personally but also created broader risks for my colleagues and for Massachusetts residents who interacted with Benchling employees under the assumption of privacy.

I have recently filed a civil action in Massachusetts Superior Court in Hampshire County (*Ross v. Benchling, Inc.*, Case No. 2580CV00126) asserting claims under these statutes. That case addresses my individual harm but I believe the Attorney General's Office is best positioned to investigate the systemic nature of these violations and to protect the public interest.

Based on my experience in the industry and discussions with coworkers, I believe these practices are becoming increasingly common among technology firms in Boston, particularly software startups that are headquartered in California and backed by major venture capital firms. Oversight of such conduct is minimal, and companies have taken advantage of this *regulatory gap*. Software vendors such as Salesloft Inc. and Outreach.io Corp. not only enable routine violations of email spam laws but also provide employers like Benchling with easy-to-use software tools for automating the interception and storage of audio communications without notice or consent delivered to the end user. These products are *intentionally designed* to conceal recordings from end users while allowing administrators to automate the process in secret, with little effort or accountability.

Accordingly, I respectfully request that your office review these practices and consider investigating whether Benchling and its vendors engaged in unlawful surveillance affecting Massachusetts employees and consumers. I am prepared to provide further documentation, including supporting evidence and the relevant portions of my complaint.

Sincerely,

_____
Julian Ross
jross21@gmail.com
413.531.9810