DocuSign Envelope ID: F50E2EDA-3BDD-4D54-9B2F-A8507F0AD815

Page 5

# ARBITRATION AGREEMENT

As a condition of the Employee's employment with Benchling (hereinafter "the Company"), the Company and Employee (hereinafter "the parties") hereby agree to submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to Employee's employment with the Company.

**1. Arbitrable Claims:** The parties understand and agree that this Agreement applies to all claims (the "Arbitrable Claims") arising out of, related to or connected with the Employee's employment with the Company, including, but by no means limited to, claims of discrimination, harassment, unpaid wages, breach of contract (express or implied), wrongful termination, torts, claims for stock or stock options, as well as claims based upon any federal, state or local ordinance, statute, regulation or constitutional provision, including, but not limited to, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, and any and all state or local laws prohibiting discrimination or regulating any terms or conditions of employment. For purposes of this Agreement, the term "Arbitrable Claims" shall be deemed not to include any claims which by law cannot be subject to a contractual requirement of mandatory binding arbitration (e.g., claims for workers' compensation benefits, claims for unemployment compensation). The parties agree that arbitration shall be the exclusive method by which to resolve any Arbitrable Claims, and specifically agree that they will not file a court lawsuit to pursue any Arbitrable Claims. Arbitration shall be final and binding upon the parties. THE PARTIES HEREBY WAIVE ANY RIGHTS THEY MAY HAVE TO TRIAL BY JURY IN REGARD TO ARBITRABLE CLAIMS.

**2. Administration:** The parties agree that a neutral arbitrator from JAMS will administer any such arbitration(s) pursuant to its Employment Arbitration Rules and Procedures, a copy of which is available at www.jamsadr.com. The arbitrator shall issue a written decision with the essential findings and conclusions on which the decision is based.

**3. Class, Collective, & Representative Action Waiver:** To the fullest extent permitted by law: (a) Employee and the Company expressly agree that class action, collective action, and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement; (b) Employee and the Company agree that each will not assert class action, collective action, or representative claims against the other in arbitration or otherwise; and (c) each of Employee and the Company shall submit their individual claims to arbitration and will not seek to represent the interests of any other person. This Section 3 does not apply to any rights to bring class action, collective action, or representative claims that may not be waived as a matter of law.

**4.      Survivability & Severability:** This Agreement shall be in full force and effect during the entire period of Employee's employment with Company, and shall continue to be in full force and effect after Employee's employment with the Company has ended. This Agreement does not, however, extend or waive any statutes of limitations or other provisions of law that specify the time within which any claim must be brought. If, for any reason, any term of this Agreement is held to be invalid or unenforceable, all other valid terms and conditions herein shall be severable in nature, and remain fully enforceable.

Page 6

**5. Claims With Government Administrative Bodies:** Notwithstanding any other provision of this Agreement, this Agreement does not prohibit the Employee from filing claims with any federal, state, or local government administrative body (including but not limited to the Equal Employment Opportunity Commission, the National Labor Relations Board, and state government administrative bodies responsible for administration of unemployment compensation and workers compensation claims), or from providing information as part of an investigation by a government administrative body of any claim.  To the greatest extent permitted by law, however, this Agreement does prohibit the parties from:  (a) utilizing dispute resolution procedures of a government administrative body to seek to have such government administrative body make a monetary award as to any Arbitrable Claim; or, (b) pursuing in a court action any Arbitrable Claim, including but not limited to any Arbitrable Claim which arises out of or relates to the same facts and/or circumstances as any actual or potential claim with a government administrative body.

**6. Entire Agreement; Modification:** This Agreement reflects the parties' full and final agreement regarding the manner in which they will resolve Arbitrable Claims. There are no other agreements regarding this subject. This Agreement supersedes any prior agreements, written or oral, regarding this subject.  This Agreement may be modified only by a written agreement signed by the Employee and the CEO of the Company.

**7. Acknowledgment:** By signing below, the parties acknowledge that they have read and understand this Agreement and enter into it freely and voluntarily.  Employee further acknowledges that Employee's employment is at-will and that this Agreement does not change such at-will status.

| EMPLOYEE: | BENCHLING: |
|---|---|
| Print Name: Julian Ross | By (Name/Title): Sajith Wickramasekara / CEO |
| Signature: _[DocuSigned by: /s/ Julian Ross, 6F2E5C88AB734FA...]_ | Signature: _[DocuSigned by: Saji Wickramasekara, FE50DBCCDE2F458...]_ |
| Date: May 12, 2021 | Date: May 12, 2021 |