UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>                 Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>                 Defendant. | Civil Action No.: 3:25-cv-30176-MGM<br><br>Judge Mark G. Mastroianni |

**BENCHLING'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Benchling, Inc. ("Benchling" or "Defendant"), by and through its undersigned counsel, hereby respectfully submits this Opposition to Plaintiff Julian Ross' ("Plaintiff") Motion to Remand ("Motion"). In support of this Opposition, Benchling states as follows:

**PRELIMINARY STATEMENT**

Rather than contest the existence or propriety of diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff conflates jurisdictional frameworks and relies upon inapplicable equitable considerations to futilely attempt to divest this Court of jurisdiction. However, Benchling's invocation of diversity jurisdiction *undisputedly* satisfied the procedural and statutory requirements, vesting this Court with an unflagging obligation to exercise diversity jurisdiction over Plaintiff's claims. Plaintiff cannot manipulate abstention doctrines or this action's salient issues simply because he prefers a state court forum. Accordingly, this Court should deny Plaintiff's Motion in its entirety.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

Benchling employed Plaintiff as a full-time Sales Development Representative from June 21, 2021, until his termination on September 15, 2022. (ECF 1, Ex. 1, ¶¶ 5, 24; ECF 6, Ex. 1, ¶ 5).

On September 2, 2025, Plaintiff filed a Complaint in the Commonwealth of Massachusetts, Hampshire County Superior Court, captioned *Julian Ross v. Benchling, Inc.* (ECF 1, Ex. 1). In the Complaint, Plaintiff asserts eight state-law claims against Benchling, including discrimination and retaliation under Mass. Gen. Laws ch. 151B, § 4 (Counts I–II), retaliation under Mass. Gen. Laws ch. 175M, § 9 (Count III), wrongful termination in violation of public policy (Count IV), promissory estoppel (Count V), wiretap and privacy violations under Mass. Gen. Laws ch. 272, § 99 and ch. 214, § 1B (Counts VI–VII), and intentional infliction of emotional distress (Count VIII). (*See id.*). Plaintiff's Civil Action Cover Sheet, filed alongside his Complaint, itemizes at least $1,050,000 in damages, including lost wages, anticipated future lost wages, and other losses. (ECF 1, Ex. 2). Plaintiff served Benchling with the Complaint and Summons on September 23, 2025. (ECF 1, Ex. 3).

On October 9, 2025, Benchling timely and properly removed the Complaint pursuant to 28 U.S.C. §§ 1332 and 1441 based upon diversity jurisdiction. (*See* ECF 1). Plaintiff does not dispute the existence of diversity jurisdiction. (*See* ECF 16).

## ARGUMENT

Benchling more than heftily carries its burden to establish diversity jurisdiction, and remand is improper. Under 28 U.S.C. § 1447(c), "a plaintiff is entitled to a remand only if [the] [c]ourt lacks subject matter jurisdiction." *Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 44 (D. Mass. 2001); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Pluviose v. Select Portfolio Servicing, Inc.*, No. CV 18-12347-PBS, 2019 WL 1936217, at *3 (D. Mass. May 1, 2019) ("[A] remand is only appropriate if this court lacks subject matter jurisdiction over the Complaint.").

## I.    DIVERSITY JURISDICTION IS PROPER AND UNDISPUTED.

Diversity jurisdiction is uncontested and proper. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As explained in Benchling's Notice of Removal, this Court has original jurisdiction over the instant action pursuant to diversity-of-citizenship jurisdiction. (*See* ECF 1).

Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between "citizens of different States." Plaintiff does *not* contest either requirement.

*First,* Plaintiff does not dispute, and in fact concedes, the parties' residency in the Complaint. Benchling is a Delaware corporation and maintains its principal place of business and corporate headquarters in San Francisco, California. (*See* ECF 1, Ex. 1, ¶ 4; ECF 6, Ex. 1, ¶ 4). Plaintiff is a citizen and resident of the state of Massachusetts. (*See* ECF 1, Ex. 1, ¶ 3).

*Second,* Plaintiff's own Civil Action Cover Sheet asserts damages of at least $1,050,000, far exceeding the $75,000 threshold. (*See* ECF 1, Ex. 2). *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."); *Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 228–29 (D. Mass. 2019) (accepting that defendant satisfied the amount-in-controversy requirement by reference to civil cover sheet); *Colonial Wholesale Beverage Corp. v. Labatt USA, L.L.C.*, No. CIV.A.2003-12068-RCL, 2004 WL 1202439, at *1 n.1 (D. Mass. Apr. 27, 2004), *report and recommendation adopted* (May 20, 2004) (finding the amount-in-controversy requirement satisfied where, on the state civil action cover sheet, plaintiff calculated its damages as over $75,000).

Against this backdrop, Plaintiff's reliance upon federal question jurisdiction is wholly irrelevant. (*See* ECF 16, ¶¶ 13–14). Benchling does not assert federal question jurisdiction, and it is well-settled that "[a] case need not present both a federal question and diversity of citizenship for the court to possess subject-matter jurisdiction." (*See* ECF 1). *Narter-Olaga v. Wal-Mart Stores E., LP*, No. 24-13409, 2025 WL 2180793, at *1 (E.D. Mich. Aug. 1, 2025). For this reason, removal under 28 U.S.C. § 1332(a) does not depend on whether a "federal question appears on [the complaint's] face," as Plaintiff suggests. (*See* ECF 16, ¶ 11). *See Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016) ("Because this case does not present a federal question, the parties' diversity of citizenship is the only hook for federal jurisdiction."); *Chaturvedi v. Siddharth*, No. CV 20-11880-FDS, 2021 WL 664129, at *2 (D. Mass. Feb. 19, 2021) (emphasis added) ("As a general matter, federal courts have subject-matter jurisdiction over cases involving diversity of citizenship *or* cases arising under federal law.") (emphasis added). Plaintiff cannot conflate jurisdictional requirements to strip this Court of its established jurisdiction.

## II.     THERE ARE NO GROUNDS TO WARRANT REMAND.

While a court may remand a case for "lack of subject-matter jurisdiction" or certain procedural defects, Plaintiff invokes neither, further cementing the impropriety of remand. 28 U.S.C. § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) (holding that district courts may not remand on grounds not authorized by statute).

### A.     *Burford* Abstention Is Inapplicable.

Plaintiff's reliance upon *Burford v. Sun Oil Co.* misses the mark. 319 U.S. 315 (1943). "The *Burford* abstention doctrine applies where a case involves both difficult, complex questions of state law and administration of state law by a scheme of state administrative agencies." *F.D.I.C. v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998). While *Burford* abstention "is concerned with protecting complex state administrative processes from undue federal interference, it does not

require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815–16 (1976)).

Where, as here, Plaintiff admittedly asserts straightforward "employment and privacy laws," (ECF 16, ¶ 3), *Burford* abstention is inapplicable. Plaintiff's claims neither interfere with any ongoing state administrative proceedings or orders, nor contemplate a specialized state review scheme. *See Sweeney*, 136 F.3d at 219 (finding no *Burford* abstention where these elements were lacking). And while employment and privacy claims are important to the Commonwealth, they simply are not the kind of "complex state law" questions *Burford* demands. Indeed, the First Circuit and this District regularly adjudicate cases involving the statutes present in the instant case. *See, e.g.*, *Brox v. Hole*, 83 F.4th 87, 101–02 (1st Cir. 2023) (applying Mass. Gen. Laws ch. 151B § 4); *Andresen v. Diorio*, 349 F.3d 8, 15 (1st Cir. 2003) (applying Mass. Gen. Laws ch. 214, § 1B); *DeNicola v. Potter*, No. 20-1669, 2021 WL 6425375, at *1 (1st Cir. Oct. 19, 2021) (applying Mass. Gen. Laws ch. 272, § 99); *Kendrick v. Zwicker & Assocs., P.C.*, No. CV 23-11039-GAO, 2025 WL 2793751, at *3–4 (D. Mass. Sept. 30, 2025) (applying Mass. Gen. Laws ch. 175M, § 9). This Court should hold likewise.

Nor can Plaintiff misrepresent the Massachusetts Commission Against Discrimination ("MCAD") proceeding to invoke *Burford* abstention. (*See* ECF 16, Ex. E). The MCAD action is *not* an ongoing state administrative proceeding, but rather, and as Plaintiff concedes, a "*dismissal*." (emphasis added). (*See* ECF 16, ¶ 27). In other words, the MCAD action concluded. And while Plaintiff criticizes the MCAD for its inaction, he does not "attack the validity or correctness of any state regulatory scheme or decision" or ask this Court "to review 'a state's administrative processes

for the determination of complex, policy-laden, state-law issues'" to warrant *Burford* abstention. *See Carver v. Bank of New York Mellon*, No. CV 13-10005-MLW, 2016 WL 7838902, at *4 (D. Mass. Sept. 8, 2016) (quoting *Fragoso v. Lopez*, 991 F.2d 878, 882 (1st Cir. 1993)).

Even if Plaintiff's claims somehow implicated *Burford*, Plaintiff's request for monetary damages summarily defeats its application. The Supreme Court has limited *Burford* abstention "*only where* the relief [] sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) (emphases added). Because Plaintiff seeks monetary relief, *Burford* abstention is inapplicable, and his Motion fails on this basis alone. *See id.* ("Because this was a damages action, we conclude that the District Court's remand order was an unwarranted application of the *Burford* doctrine.").

### B.     Other Equitable Considerations Do Not Justify Remand.

####  i.     If anything, equitable considerations solidify this Court's jurisdiction.

Equitable considerations similarly underscore the soundness of this Court's diversity jurisdiction and the impropriety of remand. Congress established diversity jurisdiction precisely to provide a neutral federal forum for disputes between citizens of different states, even where those disputes arise solely under state law. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("Congress has always given federal courts power to decide 'diversity' cases, between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)."); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens."); *Angeles v. Uson*, No. CV 20-10465-PBS, 2020 WL 9747770, at *2 (D. Mass. Dec. 1, 2020) ("Article III of the United States Constitution grants the federal courts jurisdiction to hear

controversies 'between Citizens of different States . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.'").

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817; *see also Quackenbush*, 517 U.S. at 716 ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress"). Accordingly, federal courts "may not remand simply because the state court 'seem[s] the better place for the issues to be resolved.'" *See Certain London Mkt. Co. Reinsurers v. Lamorak Ins. Co.*, No. CV 18-10534-NMG, 2019 WL 1222758, at *10 (D. Mass. Feb. 20, 2019), *report and recommendation adopted*, No. CV 18-10534-NMG, 2019 WL 7562429 (D. Mass. Mar. 8, 2019) (citation omitted).

    ii.  Plaintiff cannot cherry pick case law or manipulate the MCAD proceeding to justify remand.

Plaintiff's reliance on *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), is inapposite and, if anything, disfavors remand. (*See* ECF 16, ¶¶ 11, 16). In *Cohill,* the court remanded the case after the federal claims – the basis for the court's federal question jurisdiction – dropped and only state law claims remained. *See id.* at 350. Unlike in *Cohill,* this Court's jurisdiction is based on original diversity jurisdiction, *not* supplemental jurisdiction. (*See* ECF 1). Indeed, the Supreme Court drew a sharp distinction between jurisdiction conferred via supplemental jurisdiction (as in *Cohill*) versus via diversity jurisdiction (as in the instant action). (*See* ECF 1). "[W]here the court has original jurisdiction, through § 1332, over all of Plaintiff's claims [as in the instant action][,] the discretion to exercise supplemental jurisdiction is not at issue," solidifying this Court's jurisdiction and the incorrectness of remand. *Spradlin v. Fundamental Admin. Servs., L.L.C.*, No. CV 12-471 JCH/CG, 2013 WL 12091674, at *2 (D.N.M. Mar. 21, 2013) (quoting *Cohill*, 484 U.S.

at 356) (finding *Cohill* did not support plaintiff's position that the court should exercise its "broad discretion" to remand the case).

Plaintiff's reliance upon the MCAD backlog and dismissal of his Charge of Discrimination also fails to implicate equitable considerations warranting remand. They concern administrative prerequisites to litigating certain state-law claims (e.g., claims arising under ch. 151B) and potential tolling or exhaustion issues, neither which impacts subject-matter jurisdiction. (*See* ECF 16, ¶¶ 23–29). Indeed, federal courts routinely adjudicate discrimination and retaliation claims arising under Massachusetts state law. *See, e.g., Brox*, 83 F.4th at 101–02 (applying Mass. Gen. Laws ch. 151B § 4); *Kendrick*, 2025 WL 2793751, at *3–4 (applying Mass. Gen. Laws ch. 175M, § 9). Whether Plaintiff satisfied procedural prerequisites is not a basis to remand a case over which the Court has diversity jurisdiction. *See Traincroft, Inc. v. Ins. Co. of Pennsylvania*, No. CIV. 14-10551-FDS, 2014 WL 2865907, at *3 (D. Mass. June 23, 2014) ("[A] failure to exhaust state administrative remedies does not deprive a federal court of jurisdiction where jurisdiction otherwise exists.").

Nor do any of the decisions upon which Plaintiff relies suggest MCAD procedures deprive federal courts of jurisdiction under § 1332. (*See* ECF 16, ¶ 28). *See Everett v. 357 Corp.*, 904 N.E.2d 733 (2009) (holding that a predicate MCAD filing is mandatory and the court lacks *state subject-matter jurisdiction* over claims not reasonably related to the MCAD charge); *Charland v. Muzi Motors, Inc.*, 631 N.E.2d 555 (1994) (holding that ch. 151B's administrative scheme is exclusive and that failure to timely file with MCAD bars resort to the Equal Rights Act); *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 525 N.E.2d 643 (1988) (holding the MCAD six-month filing deadline functions as a statute of limitations subject to equitable tolling, and that a court may decide tolling independent of the MCAD investigator's ruling).

Furthermore, Plaintiff's preference for a Massachusetts jury and generalized comity assertions do not fall within Section 1447(c). "Mere dissatisfaction with the federal forum, absent a justifiable basis for remand, is insufficient." *Branyan v. Sw. Airlines Co.*, 105 F. Supp. 3d 120, 124 (D. Mass. 2015). Courts do not remand diversity cases merely because they involve state-law claims. *See Van Doren v. Marion Conservation Comm'n*, No. CIV. A. 89-2596-Z, 1990 WL 154698, at *3 (D. Mass. Oct. 1, 1990) ("The mere lack of a federal claim in a diversity case does not justify abstention by a federal court.").

In sum, none of Plaintiff's asserted equitable considerations provide a lawful or compelling reason to defeat removal or divest this Court of proper and uncontested diversity jurisdiction.

## **CONCLUSION**

The Court has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. Removal was timely and proper under 28 U.S.C. §§ 1441 and 1446. Because Plaintiff does not identify any jurisdictional defect or applicable abstention doctrine, his Motion should be denied.

| | |
|---|---|
| Dated: November 5, 2025 | Respectfully submitted,<br><br>**BLETZER & BLETZER, P.C.**<br><br>*/s/ Conrad J. Bletzer, Jr.*<br>Conrad J. Bletzer, Jr., BBO No. 045760<br>300 Market Street<br>Brighton, MA 02135<br>617.254.8900<br>conrad@bletzerlaw.com<br><br>Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)<br>Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>321 North Clark St., 32nd Floor<br>Chicago, Illinois 60654<br>312.499.6300<br>sfabian@sheppardmullin.com<br>koblak@sheppardmullin.com<br><br>*Attorneys for Defendant Benchling, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing BENCHLING'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on November 5, 2025, addressed to the following parties:

Julian Ross

105 East Street, Apt. B

Hadley, MA 01035

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*