UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>    Defendant. | Civil Action No.: 3:25-cv-30176-MGM<br><br>Judge Mark G. Mastroianni |

**BENCHLING'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO PARTIALLY DISMISS THE COMPLAINT AND TO CONSOLIDATE**

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Motion for Leave to File a Reply Brief in Support of Its Motion to Compel Arbitration or, In the Alternative, to Partially Dismiss the Complaint and to Consolidate ("Motion to Compel/Dismiss"), pursuant to Local Rule 7.1(b)(3). In support of this Motion, Benchling states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Opposition to Defendant's Motion to Compel/Dismiss ("Opposition") misrepresents at least four salient points central to arbitration, dismissal and consolidation, and a reply brief is warranted and necessary. Rather than challenge the arbitration agreement on its face, Plaintiff proffers speculative and prejudicial evidence to evade the arbitration agreement's application and enforceability. And to avoid consolidation, Plaintiff espouses arguments antithetical to those he advanced only days ago. Plaintiff's reliance upon demonstrably contradictory arguments and specious extrinsic information seeks to muddy the court's analysis, underscoring the necessity and propriety of a reply brief to correct the record and, by extension, to clarify and narrow the salient issues underpinning its Motion to Compel/Dismiss.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling: (i) the instant action (the "State Court Action"), which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") and (ii) a federal court action bearing Case Number 3:25-cv-30158-MGM, also pending in the District of Massachusetts (the "Federal Court Action") (together, the "Actions"). (*See* ECF 6, pp. 2-3).

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration on October 14, 2025. (*See* ECF 6). By its express terms, the Agreement requires Plaintiff "submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to [Plaintiff's employment with Benchling]." (*See* ECF 6-2). Alternatively, Benchling moves to dismiss Plaintiff's Electronic Communications Privacy Act and Stored Communications Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and to consolidate the Actions given the identity of parties, claims and operative facts. (*See* ECF 6).

On October 28, 2025, Plaintiff filed his Opposition to Defendant's Motion to Compel/Dismiss ("Opposition"). (*See* ECF 19).

## ARGUMENT

The Opposition makes at least four misrepresentations that bear directly on arbitration, dismissal and consolidation and unnecessarily confound the material issues central to each determination.

*First*, Plaintiff misrepresents when Benchling presented him with the Arbitration Agreement to engineer procedural unconscionability. Although Plaintiff contends Benchling presented the Agreement *after* he accepted Benchling's offer of employment ("Offer"), Benchling's Offer expressly conditioned Plaintiff's employment upon acceptance of the Arbitration Agreement. Moreover, the Arbitration Agreement immediately followed the Offer in Plaintiff's hiring documentation. These documents, which Benchling will append to its proposed reply, are clear, unequivocal and belie any suggestion of procedural unconscionability.

*Second*, Plaintiff misstates the Arbitration Agreement's plain terms. Contrary to Plaintiff's representation, the Arbitration Agreement expressly encompassed "claims of discrimination," and the Agreement's arbitration mandate applies with equal force to *both* parties. *See* ECF 6-2 ("[T]his Agreement applies to all claims (the 'Arbitrable Claims') arising out of, related to or connected with the Employee's employment with the Company."). Moreover, by signing the Agreement, Plaintiff acknowledged he "read and underst[oo]d this Agreement and enter[ed] into it freely and voluntarily," undermining his claim Benchling coerced his acceptance. Plaintiff cannot cherry pick and omit excerpts of the Agreement to avoid arbitration.

*Third*, and just as with the Arbitration Agreement, Plaintiff misstates and manipulates precedent favoring dismissal of his Electronic Communications Privacy Act and Stored Communications Act claims.

*Fourth*, Plaintiff's opposition to consolidation is inconsistent with positions he espoused only days ago in the Federal Court Action. In the Opposition, Plaintiff contends the "two cases involve different factual predicates, procedural postures, and governing legal frameworks." (ECF 18, ¶ 47). However, in support of his Motion to Stay Federal Proceedings Pending Resolution of Parallel State-Court Action and Remand Motion ("Motion to Stay") – filed only two days before

his Opposition – Plaintiff advanced an antithetical position, claiming the matters "assert[] parallel Massachusetts civil-rights and privacy claims arising from the *same employment relationship and alleged misconduct*" and that they "involve[] the *same parties and factual nucleus* as this federal case." (Federal Court Action, Case No. 3:25-cv-30176-MGM, ECF 18, ¶¶ 3, 6) (emphases added). If anything, Plaintiff's own argument in support of a stay of proceedings underscores the necessity and propriety of consolidation.

Courts within this District routinely permit reply briefs where, as here, the brief will address Plaintiff's representations and narrow the issues central to Defendant's Motion to Compel/Dismiss (i.e., arbitration, partial dismissal and consolidation). *See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, No. 18-40207-MGM, 2019 U.S. Dist. LEXIS 225266, at *2 (D. Mass. July 26, 2019) (granting the plaintiff leave to file a reply brief where it "clarifie[d] and narrow[ed] the issues" in the motion); *Ellis v. Viles*, No. CIV.A. 09-40001-PBS, 2010 WL 6465282, at *1 (D. Mass. Aug. 26, 2010), report and recommendation adopted, No. 4:09-CV-40001, 2011 WL 1344551 (D. Mass. Mar. 3, 2011) (noting that defendant was granted leave to file a reply brief to its motion to dismiss).

WHEREFORE, Defendant Benchling, Inc. respectfully requests this Court grant it leave to file a reply brief in support of its Motion to Compel/Dismiss, and for any other relief this Court deems just and proper.

Dated: November 6, 2025

Respectfully submitted,

**BLETZER & BLETZER, P.C.**

*/s/ Conrad J. Bletzer, Jr.*
Conrad J. Bletzer, Jr., BBO No. 045760
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com

Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

*Attorneys for Defendant Benchling, Inc.*

## DEFENDANT'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Conrad J. Bletzer, Jr., hereby certify pursuant to Local Rule 7.1(A)(2) that on November 3, 2025, counsel for Benchling conferred with Plaintiff in the above-entitled action, in a good faith attempt to resolve or narrow the issues raised by the instant motion.

*/s/ Conrad J. Bletzer, Jr.*

-7-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on November 6, 2025, addressed to the following parties:

Julian Ross

105 East Street, Apt. B

Hadley, MA 01035

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*