UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-30176-MGM<br><br>Judge Mark G. Mastroianni |

### BENCHLING'S RESPONSE TO PLAINTIFF'S MOTION TO STAY OR DEFER CONSIDERATION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND PARTIAL DISMISSAL PENDING DECISION ON PLAINTIFF'S MOTION TO REMAND

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response to Plaintiff's Motion to Stay or Defer Consideration of Defendant's Motion to Compel Arbitration and Partial Dismissal Pending Decision on Plaintiff's Motion to Remand ("Motion"). In support of this Response, Benchling states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Motion is procedurally and substantively deficient. Plaintiff failed to meet and confer with Defendant, as this Court's Local Rules require, to determine whether Defendant opposed Plaintiff's Motion. For its part, Defendant acknowledges this Court must first consider the jurisdictional issue before it (i.e., Plaintiff's Motion to Remand), obviating Plaintiff's request for a stay of proceedings. Plaintiff's failure to satisfy this baseline requirement resulted in unnecessary and futile motion practice. For these reasons, and those set forth in greater detail herein, this Court should deny Plaintiff's Motion as moot.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling: (i) the instant action, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") and (ii) a federal court action bearing Case Number 3:25-cv-30158-MGM, also pending in the District of Massachusetts (the "Federal Court Action") (together, the "Actions"). (*See* ECF 6, pp. 2-3).

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration on October 14, 2025 ("Motion to Compel/Dismiss"). (*See* ECF 6). On October 22, 2025, Plaintiff moved to remand the State Court Action ("Motion to Remand"). Tellingly, Plaintiff does *not* contest the existence or propriety of diversity jurisdiction in the Motion to Remand. (*See* ECF 16). On October 28, 2025, Plaintiff filed his Opposition to Defendant's Motion to Compel/Dismiss ("Opposition"). (*See* ECF 19).

**ARGUMENT**

A.  **Plaintiff Failed to Satisfy Local Rule 7.1(a)(2).**

Plaintiff failed to comply with Local Rule 7.1(a)(2), rendering his Motion procedurally insufficient. On October 23, 2025, Plaintiff emailed Benchling's counsel and advised her he planned to file the Motion. *See* October 23, 2025 – October 25, 2025, Email Correspondences, attached hereto as **Exhibit A**. On October 24, 2025, Benchling's counsel responded to Plaintiff, advising him she was in meetings and traveling until October 26, 2025. (*Id.*). Benchling's counsel proposed to Plaintiff that she call him on October 27, 2025. (*Id.*). That same day, Plaintiff advised

Benchling's counsel he was "available to speak on Monday and will postpone filing until then." (*Id.*).

On October 25, 2025, Benchling's counsel proposed calling Plaintiff at 3:30 PM ET on October 27, 2025, to which Plaintiff stated he planned to "file [his] stay/defer motions by Monday [October 27] at 12pm ET" and requested Benchling "briefly outline Benchling's position by email over the weekend or on Monday morning." (*Id.*). Notwithstanding this representation, Plaintiff filed his Motion on October 26, 2025. (*See* ECF 17). Plaintiff's failure to engage with Benchling's counsel, as Local Rule 7.1(a)(2) demands, resulted in unnecessary motion practice. *See Direnzo Towing & Recovery Inc. v. Owner-Operator Indep. Drviers Ass'n, Inc.*, No. CV 4:16-10073, 2016 WL 9402847, at *1 (D. Mass. May 4, 2016) (denying subject motion where motion arose from "a critical misunderstanding of matters" and could have been limited, if not altogether avoided, by a good faith attempt to resolve or narrow the issues).

### B.  A Stay Is Unwarranted And Unnecessary.

Although Plaintiff's Motion to Remand fails to contest this Court's diversity jurisdiction, it nonetheless implicates this Court's jurisdiction and thus presents a threshold issue for this Court's consideration. *See Flinn v. Minn. Life Ins. Co.*, 353 F. Supp. 3d 110, 115 (D. Mass. 2018) (considering motion to remand before motion to dismiss because motion to remand questioned the court's subject matter jurisdiction); *Karimpour v. Stanley Black & Decker, Inc.*, No. CV 21-11498-NMG, 2022 WL 1322566, at *1 (D. Mass. May 2, 2022) ("Although the motion to remand was filed later, this Court will consider it first to resolve whether it has subject matter jurisdiction over the instant litigation, a prerequisite to considering the motion to dismiss.").

Because Plaintiff's Motion to Remand is "the first order of business," Plaintiff's Motion is altogether moot. *InterGen N.V. v. Grina*, 344 F.3d 134, 150 (1st Cir. 2003). *See Deshaies v. DJD*

*Med., Inc.*, No. 21-CV-12050-ADB, 2022 WL 267449, at *2 (D. Mass. Jan. 28, 2022) ("Accordingly, this Court, like several other federal district courts confronted with motions to stay and to remand . . . will deny Removing Defendants' motion to stay and address the merits of the Plaintiff's motion to remand."); *In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 201 (D. Mass. 2004) (same); *GeoVantage, Inc. v. SimWright, Inc.*, No. CIV.A. 13-12178-RWZ, 2014 WL 183667, at *2 (D. Mass. Jan. 16, 2014) (addressing motion to remand and denying motion to stay proceedings pending ruling on motion to remand as moot).

## CONCLUSION

For these reasons, Benchling respectfully requests this Court deny Plaintiff's Motion as moot and grant any other relief this Court deems necessary and proper.

…

-5-

| | |
|---|---|
| Dated: November 10, 2025 | Respectfully submitted, |

**BLETZER & BLETZER, P.C.**

*/s/ Conrad J. Bletzer, Jr.*
Conrad J. Bletzer, Jr., BBO No. 045760
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com

Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

*Attorneys for Defendant Benchling, Inc.*

-6-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing BENCHLING'S RESPONSE TO PLAINTIFF'S MOTION TO STAY OR DEFER CONSIDERATION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND PARTIAL DISMISSAL PENDING DECISION ON PLAINTIFF'S MOTION TO REMAND was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on November 10, 2025, addressed to the following parties:

Julian Ross
105 East Street, Apt. B
Hadley, MA 01035
jross2l@gmail.com

/s/ Conrad J. Bletzer, Jr.