UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>　　　　　　Defendant. | Civil Action No.: 3:25-cv-30158-MGM<br><br>Judge Mark G. Mastroianni |

**BENCHLING'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO PARTIALLY DISMISS THE COMPLAINT**

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response to Plaintiff's Motion for Leave ("Motion for Leave") to File a Supplemental Memorandum in Opposition ("Supplemental Opposition") to Defendant's Motion to Compel Arbitration Or, In the Alternative, To Partially Dismiss the Complaint ("Motion to Compel/Dismiss"). In support of this Response, Benchling states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Motion for Leave – predicated upon extrinsic evidence not appended to or even referenced in the Complaint – reinforces the soundness and of Defendants' Motion for Leave to File a Reply Brief In Support of Its Motion to Compel/Dismiss ("Defendant's Reply"). (*See* ECF 22). Plaintiff predicates his Complaint solely upon his employment with and termination from Benchling. (*See* ECF 1). Yet Plaintiff's admitted "*newly reviewed* contractual materials and evidence" (i.e., equity documentation) underpin Plaintiff's proposed Supplemental Opposition. Plaintiff's reliance upon this purportedly newfound extrinsic information seeks to muddy the court's analysis, underscoring the necessity and propriety of Defendant's Reply to correct the

record and, by extension, to clarify and narrow the salient issues underpinning its Motion to Compel/Dismiss.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling: (i) the instant action (the "Federal Court Action") and (ii) Case Number 3:25-cv-30176-MGM, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") (together, the "Actions").

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration on October 14, 2025. (*See* ECF 11). By its express terms, the Agreement requires Plaintiff "submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to [Plaintiff's employment with Benchling]." (*See* ECF 11, at 11-2). Alternatively, Benchling moves to dismiss Plaintiff's Electronic Communications Privacy Act and Stored Communications Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 11). In the State Court Action, just as in its federal counterpart, Benchling moves to compel arbitration and to partially dismiss the Complaint. In the State Court Action, Benchling also moves to consolidate the Actions given the identity of parties, claims and operative facts. (*See* State Court Action, Case No. 3:25-cv-30176, ECF 6).

On October 28, 2025, Plaintiff filed his Opposition to Defendant's Motion to Compel/Dismiss ("Opposition"). (*See* ECF 19). On November 6, 2025, Defendant filed its Motion for Leave to File a Reply Brief. (*See* ECF 22). That Motion remains pending before this Court.

## ARGUMENT

The Supplemental Opposition introduces entirely new facts and documents to evade arbitration, reinforcing the necessity and propriety of Defendant's Reply. Courts within this District routinely permit reply briefs where, as here, the brief will address Plaintiff's new facts and "evidence" and narrow the issues central to Defendant's Motion to Compel/Dismiss (i.e., arbitration). *See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc*., No. 18-40207-MGM, 2019 U.S. Dist. LEXIS 225266, at *2 (D. Mass. July 26, 2019) (granting the plaintiff leave to file a reply brief where it "clarifie[d] and narrow[ed] the issues" in the motion); *Ellis v. Viles*, No. CIV.A. 09-40001-PBS, 2010 WL 6465282, at *1 (D. Mass. Aug. 26, 2010), report and recommendation adopted, No. 4:09-CV-40001, 2011 WL 1344551 (D. Mass. Mar. 3, 2011) (noting that defendant was granted leave to file a reply brief to its motion to dismiss).

Furthermore, and for at least the second time, Plaintiff misrepresented the parties' conferral efforts. (*See* ECF 25). Plaintiff emailed Benchling's counsel twice on Friday, November 7, regarding his intent to file the Motion for Leave. On Saturday, November 8, Benchling's counsel advised Plaintiff that they "received [Plaintiff's] email yesterday but have not had an opportunity to confer with the client. We will let you know Benchling's position early next week/once we speak with the client." That same day, Plaintiff sent another correspondence to Benchling's counsel and imposed an arbitrary response deadline of 2 PM ET on November 10 (i.e., some 72 hours after Plaintiff sent his first email regarding the Motion for Leave).

On Monday, November 10, Benchling's counsel advised Plaintiff: "We are now unable to confer with the client until later this week. We only received notice of your request to confer on

Friday afternoon. Nothing in the rules permits you to demand a response from opposing counsel by a certain time. Your expectations as to timing are not reasonable. Should you choose to file your motion before we have an opportunity to properly confer, we ask that you include this email chain as an exhibit." In response, Plaintiff sent yet another email, in which he summarily concluded Benchling's position, among other things, "[wa]s implausible and inconsistent with Benchling's established operational practices." *See* November 7-10 Email Exchange, attached hereto as **Exhibit A**.

Notably, and notwithstanding counsel's express request, Plaintiff failed to append the relevant communications to his Motion for Leave and instead misrepresented to the Court, in relevant part, that Benchling's counsel "failed to provide a position by the stated conferral deadline, [and] (2) gave conflicting statements explaining why they could not confer in a timely manner."

As the email communications make plain, Benchling's counsel promptly apprised Plaintiff that they would confer with Benchling by week's end. Plaintiff's misstatements of Benchling's communications and conferral efforts are disingenuous and undermine Local Rule 7.1(a)(2)'s spirit and purpose. *See Sensitech, Inc. v. LimeStone FZE*, 581 F. Supp. 3d 342, 350 (D. Mass. 2022) ("[Local Rule 7.1(a)(2)] is designed to ensure that parties present issues to the Court only after they have determined that judicial intervention is necessary."); *Safeguard Props. Mgmt., LLC v. Zoll*, No. 22-CV-11004-DJC, 2022 WL 16838781, at *4 (D. Mass. Nov. 8, 2022) ("'Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources.'"); *see also Taal v. Zwirner*, No. CIV. 02-131-M, 2003 WL 1191394, at *4 (D.N.H. Mar. 10, 2003) ("Plaintiffs' pro se status does not excuse them from complying with the federal rules, nor does it confer upon them an unfettered

license to file unsupported, baseless, or frivolous motions, thereby causing defendants to needlessly incur additional attorneys' fees and the court to unnecessarily tie up judicial resources.").

Against this backdrop, and some three hours after sending his final communication, Plaintiff filed the Motion for Leave. For its part, Benchling does not oppose Plaintiff's Motion for Leave, rendering the instant motion practice unnecessary and futile. If anything, Plaintiff's Motion for Leave and the Supplemental Opposition cement the necessity and propriety of Defendants' Reply.

WHEREFORE, Defendant Benchling, Inc. respectfully requests this Court grant any relief this Court deems necessary and proper.

-6-

| | |
|---|---|
| Dated: November 24, 2025 | Respectfully submitted,<br><br>**BLETZER & BLETZER, P.C.**<br><br>*/s/ Conrad J. Bletzer, Jr.*<br>Conrad J. Bletzer, Jr., BBO No. 045760<br>300 Market Street<br>Brighton, MA 02135<br>617.254.8900<br>conrad@bletzerlaw.com<br><br>Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)<br>Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>321 North Clark St., 32nd Floor<br>Chicago, Illinois 60654<br>312.499.6300<br>sfabian@sheppardmullin.com<br>koblak@sheppardmullin.com<br><br>*Attorneys for Defendant Benchling, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing RESPONSE was electronically filed with the Clerk of the Court on November 24, 2025, and that a copy of the foregoing instrument was automatically sent via this Court's ECF system to all parties of record.

*/s/ Conrad J. Bletzer, Jr.*