| | |
|---|---|
| **From:** | Julian Ross <jross21@gmail.com> |
| **Sent:** | Monday, November 10, 2025 10:19 AM |
| **To:** | Conrad Bletzer, Jr |
| **Cc:** | Katherine Oblak; Catherine Wheeler; Shawn Fabian |
| **Subject:** | Re: LR 7.1 conferral — intent to file motion re: supplemental opposition in -30158 |

Mr. Bletzer,

I am not imposing deadlines but simply fulfilling my obligation under L.R. 7.1(a)(2) to confer in good faith so that my forthcoming motion accurately reflects opposing counsel's position. All of my notices and follow-ups have been timely, detailed, and substantive. Given Judge Mastroianni's directive that conferrals be meaningful, timely, and not overburdensome, my request for a response within a standard work window was entirely reasonable.

Again, the motion I intend to file is straightforward and explained in sufficient detail to facilitate your ability to share it with your client and respond promptly. A week-long delay in addressing such narrow, well-defined matters is neither necessary nor justified. Nor am I required to sit idle for several days while your firm attempts to make client contact.

It is procedurally incongruous to suggest any deficiency on my part when your team has repeatedly failed to confer in good faith — including by disregarding my request to include my opposition in your motion for leave to file a reply brief (which instead contained a generic and inaccurate 7.1 certification) and by failing to engage substantively on the spoliation issue I raised weeks ago regarding the deleted "Benchling Offer Illustrator" file. That issue remains extant and urgent: your colleague's statement that a litigation hold was issued only in "December 2022" contradicts the record evidence showing that Benchling's duty to preserve attached no later than November 22, 2022. The integrity of digital evidence—particularly Google Workspace metadata and audit logs—requires timely preservation. I cannot allow further delay while evidence risks deletion or degradation.

Additionally, over the past several weeks, counsel from your firm have made multiple misrepresentations and engaged in unprofessional correspondence on routine procedural matters, including misstatements concerning your actions in moving the Court for pro hac vice admission. As previously noted, Ms. Wheeler expressly represented to me that pro hac vice motions would be refiled in both matters. I relied on that representation and conveyed it to the Court in good faith.

There is a clear pattern of procedural noncompliance and delay here, but it originates with your firm and Sheppard Mullin—not with myself. If you are unable to confer in good faith before "later in the week," please provide a reasonable explanation so that I may attach it to my 7.1 certification. Otherwise, continued deferral will appear to reflect further obstruction or delay.

I emphasize again that I am not demanding anything. Unlike your firm's recent filings, my conduct as a pro se plaintiff has consistently adhered to federal procedure, local rules, and the norms of professional practice. I ask that your team hold itself to the same standard.

Moreover, as a former employee, I am well aware of Benchling's internal communication structure. At

least while I was an employee, company leadership, including Mr. Wickramasekara and other executives, maintained near-constant accessibility through Slack and email, and the company expressly promotes an asynchronous communication model enabling same-day collaboration without real-time meetings. Against that backdrop, the suggestion that defense counsel cannot obtain client input for nearly a week is implausible and inconsistent with Benchling's established operational practices.

Absent a timely response, I intend to proceed with filing this afternoon or no later than tomorrow morning.

Going forward, please make sure all of your own 7.1(a)(2) certifications accurately represent conferral. Please do not continue to omit my opposition (or assent) to your motions, per Judge Mastroianni's orders.

Sincerely,
Julian Ross
Plaintiff, Pro Se - Ross v Benchling, Inc.
413.531.9810
jross21@gmail.com


On Mon, Nov 10, 2025 at 10:29 AM Conrad Bletzer, Jr <ConradBletzer@bletzerlaw.com> wrote:

> Mr. Ross,
>
> We are now unable to confer with the client until later this week. We only received notice of your request to confer on Friday afternoon. Nothing in the rules permits you to demand a response from opposing counsel by a certain time. Your expectations as to timing are not reasonable.
>
> Should you choose to file your motion before we have an opportunity to properly confer, we ask that you include this email chain as an exhibit. Thanks,
>
> Conrad J. Bletzer, Jr.
>
> Bletzer and Bletzer PC
>
> 300 Market Street
>
> Brighton, MA 02135
>
> 617-254-8900
>
> conrad@bletzerlaw.com

**From:** Julian Ross <jross21@gmail.com>
**Sent:** Saturday, November 8, 2025 4:04 PM
**To:** Katherine Oblak <KOblak@sheppardmullin.com>
**Cc:** Conrad Bletzer, Jr <ConradBletzer@bletzerlaw.com>; Catherine Wheeler <cwheeler@bletzerlaw.com>; Shawn Fabian <SFabian@sheppardmullin.com>
**Subject:** Re: LR 7.1 conferral — intent to file motion re: supplemental opposition in -30158

Ms. Oblak,

Thank you for your note. Please <u>provide Benchling's position no later than 2pm ET on Monday</u> so I can accurately certify conferral.

Given the unresolved spoliation issues surrounding the "Benchling Offer Illustrator" file and your vague reference to a litigation hold allegedly beginning "in December 2022," I cannot accommodate further delay or prolonged conferral. If I do not receive Benchling's position by that time, I will proceed without it, note the non-response in my certification, and seek appropriate relief—including a preservation and forensic order and sanctions under Rule 37(e).

Please ensure timely and substantive conferral going forward. This is both a reasonable and necessary expectation. Continued delay or unresponsiveness to my emails will require additional motions addressing counsel's adherence to procedural and professional obligations. I have consistently conferred in good faith—providing advance notice and detailed context regarding forthcoming filings—to keep your client informed and to conserve judicial resources. The same standard applies here. Given that the spoliation issue remains active and unresolved, I expect prompt and meaningful engagement within appropriate timeframes to avoid further motion practice.

To be clear, Benchling's ongoing procedural noncompliance has materially prejudiced my ability to litigate this case as a pro se plaintiff. Repeated failures to confer in good faith—both in initiating and responding to Rule 7.1 communications—have already forced motion practice that was avoidable and wasted the resources of both the Court and the parties. I am operating with limited capacity and must litigate efficiently; your firm's pattern of delay and incomplete responses imposes disproportionate burdens. Extended silence or evasive correspondence will be treated as further evidence of obstruction and noncompliance.

Thank you and have a nice weekend.


Regards,

Julian Ross

Plaintiff, Pro Se

On Sat, Nov 8, 2025 at 2:28 PM Katherine Oblak <KOblak@sheppardmullin.com> wrote:

Mr. Ross,

We received your email yesterday but have not had an opportunity to confer with the client. We will let you know Benchling's position early next week/once we speak with the client.

Thank you.

---

**From:** Julian Ross <jross21@gmail.com>
**Sent:** Saturday, November 8, 2025 11:33:44 AM
**To:** Katherine Oblak <KOblak@sheppardmullin.com>
**Cc:** Shawn Fabian <sfabian@sheppardmullin.com>; Conrad Bletzer, Jr <ConradBletzer@bletzerlaw.com>; Catherine Wheeler <cwheeler@bletzerlaw.com>
**Subject:** Re: LR 7.1 conferral — intent to file motion re: supplemental opposition in -30158

Ms. Oblak or co-counsel,

This is my final conferral attempt under L.R. 7.1(a)(2) before filing. The forthcoming motion will seek leave to file a supplemental opposition addressing:

1. the shareholder and equity-plan instruments that expressly require California court jurisdiction and contain no arbitration clause, and

2. Benchling's governance failures regarding unlawful surveillance and spoliation of the "Benchling Offer Illustrator" file and how those failures impact fiduciary duties to shareholders.

Please confirm whether Benchling objects or assents to the relief sought or to the forum provisions in its own shareholder agreements. If I do not hear back promptly, the motion will be filed without further notice and I will note counsel's continued disregard for conferral.

Thanks,

Julian Ross

On Fri, Nov 7, 2025 at 4:42 PM Julian Ross <jross21@gmail.com> wrote:

Following up pursuant to today's order from Judge Mastroianni's stating "conferrals must be more than perfunctory and must entail a meaningful attempt "to resolve or narrow the issues."

Please confirm Benchling's positions on three narrow items so I can accurately note them in my motion papers:

1. **Arbitration scope:** Does Benchling contend the disputed May 10, 2021 employment arbitration clause covers claims arising from my shareholder status and the 2013 A&R Stock Plan / Stock Option Agreement / Notice of Exercise, which designate California courts and contain no arbitration provision?

2. **Textual separation:** Does Benchling dispute that the "No Employment Rights" clause in the Notice of Exercise confirms the independence of the equity/shareholder relationship from employment?

3. **Preservation / spoliation:** Please state clearly whether Benchling has preserved and is able to produce the Google Workspace audit logs/metadata and any forensic images for the deleted "Benchling Offer Illustrator" Google Sheet (including who deleted it and when) if/when required to do so.

Kindly indicate by reply whether you assent or oppose my forthcoming motions for leave to file short supplemental opposition memoranda in -30158 and -30176, and provide your answers to the three items above so I can reflect them accurately in my 7.1 cert.

Thanks,

Julian

On Fri, Nov 7, 2025 at 12:57 PM Julian Ross <jross21@gmail.com> wrote:

Counsel,

Pursuant to D. Mass. L.R. 7.1(a)(2), I write to confer regarding my intent to file a motion for leave to submit a short supplemental memorandum in opposition to Benchling's motions to compel arbitration in both related Ross v. Benchling matters.

The proposed filing will address limited new issues and materials that were not fully briefed in my prior opposition.

Please let me know whether Benchling assents to or opposes the motion so I may note your position in my filing.

Thank you,

Julian Ross

Plaintiff, Pro Se - Ross v. Benchling, Inc.

413.531.9810

jross21@gmail.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# BEWARE! WIRE FRAUD IS ON THE RISE.

Accepting wire and disbursement instructions by email is dangerous, especially changes to those instructions. Never send a wire transfer without first confirming with this office by telephone using a previously known telephone number.

CONFIDENTIAL NOTICE: This electronic message and any documents included with this message contain information from the Law Offices of Bletzer & Bletzer, P.C., which may be confidential and/or privileged. This information is intended for the use of the addressee(s) only. If you are not an addressee, or this message has been received in error, please delete it and all copies immediately. Please note that any disclosure, printing, copying, distribution, or use of the contents of this information is prohibited.

Any questions please notify the sender by telephone 617/254-8900 or via return internet email to info@bletzerlaw.com. Thank you.